Filed 6/24/14  P. v. Gonzalez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B253086 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA038714) |
| v. | |
| URIEL GONZALEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Daniel B. Feldstern, Judge.  Affirmed.

Uriel Gonzalez, in pro. per.; and Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2001, defendant Uriel Gonzalez was convicted of four counts of attempted murder with findings he acted with premeditation and deliberation, personally fired a gun, and personally fired a gun, causing great bodily injury. He was sentenced to three consecutive life terms, plus 25 years to life, plus 40 years. The court imposed a $10,000 restitution fine under Penal Code section 1202.4, subdivision (b), and a matching $10,000 parole revocation fine under Penal Code section 1202.45, but it does not appear the court ordered victim restitution.

In October of 2013, defendant filed "Points and Authorities in Support of Motion for Modification of Sentence Pursuant to Penal Code § 1202.4, (f)(1)." In this document, defendant challenged the Penal Code section 1202.4, subdivision (b) restitution fine on the following grounds: (1) it denies him equal protection because persons serving life in prison without possibility of parole are not subject to a Penal Code section 1202.45 parole revocation fine, whereas he has to pay the Penal Code section 1202.4, subdivision (b) restitution fine even though he will never be released from prison, given the length of his sentence; (2) the trial court's order did not itemize the restitution fine by victim and loss; (3) California's restitution laws are unconstitutional because their purpose is to compensate crime victims for their losses, while "[t]he United States Supreme Court has concluded, that the purpose of restitution is to accomplish the penal goals of the state, [not] to compensate victims"; the trial court did not consider defendant's ability to pay in setting the amount of the restitution fine; and it is inappropriate to consider defendant's potential earnings in prison or any other potential earnings more than 60 days after the judgment in determining his ability to pay.

The trial court denied defendant's motion as untimely and including issues that should have, but were not, raised on appeal. Defendant appealed the trial court's order.

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. Defendant filed a single-page supplemental brief summarily reiterating his argument about a 60-day window for future earning ability.

The Penal Code section 1202.4, subdivision (b) restitution fine was not an unauthorized sentence, and thus defendant was required to challenge it in the trial court or, at the latest, in his original appeal in 2002. An unauthorized sentence is one that cannot lawfully be imposed under any circumstances in the particular case. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887.)

Moreover, none of the arguments set forth in defendant's motion has any merit. A trial court must impose a Penal Code section 1202.4, subdivision (b) restitution fine whether or not a defendant will be eligible for parole, and it may calculate that fine as the product of the minimum fine ($200 at the time of defendant's offenses), the length of the prison term imposed, and the number of felony counts of which the defendant was convicted. The statute expressly directs the court to consider, with respect to the amount of the fine, "any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime. Those losses may include pecuniary losses to the victim or his or her dependents as well as intangible losses, such as psychological harm caused by the crime. Consideration of a defendant's inability to pay may include his or her future earning capacity. A defendant shall bear the burden of demonstrating his or her inability to pay. Express findings by the court as to the factors bearing on the amount of the fine shall not be required. A separate hearing for the fine shall not be required." (Pen. Code, § 1202.4, subd. (d).) A Penal Code section 1202.4, subdivision (b) restitution fine is distinct from both a Penal Code section 1202.45 parole revocation fine, which need not be paid unless a defendant's parole has been revoked, and victim restitution. A Penal Code section 1202.4, subdivision (b) restitution fine need not be itemized.

We have examined the entire record and are satisfied defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

3

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.


                                        MILLER, J.*

We concur:


ROTHSCHILD, Acting P. J.


JOHNSON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.